OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Common Pleas Court which dismissed Plaintiff-appellant, Springfield Fireworks, Inc. ("Springfield"), case against the Defendant-appellee, Ohio Department of Commerce, Division of the State Fire Marshal.
 {¶ 2} This case involves a request made on or about June 29, 1997, by Springfield to the State Fire Marshal ("SFM") for a variance to geographically transfer its wholesale firework license from a store in Loudonville, Ashland County, Ohio to a store in London, Madison County, Ohio. Chapter 3743 of the Ohio Revised Code ("Chapter 3743") regulates the activities and licensing of firework manufacturers, wholesalers, and exhibitors in Ohio.
 {¶ 3} Regarding the transfer of a wholesale firework license prior to June 30, 1997, R.C. 3743.17(D)(1) provided,
 Except as otherwise provided in this division, the license [of a wholesaler of fireworks] is not transferable or assignable. A license may be transferred to another person for the same location for which the license was issued if the assets of the wholesaler are transferred to that person by inheritance or by a sale approved by the fire marshal.
 {¶ 4} However, exceptions to this rule could be made. R.C. 3743.59
provided,
 Upon application by an affected party, the state fire marshal may grant variances from the requirements of this chapter or from the requirements of this chapter or from the requirements of rules adopted pursuant to this chapter if he determines that literal enforcement of the requirement will result in unnecessary hardship and that the variance [would] not be contrary to public health, safety or welfare.
 {¶ 5} On June 30, 1997, H.B. 215 became effective. H.B. 215, also known as the 1997 Biennial Budget Bill, affected several provisions of the Ohio Revised Code including Chapter 3743. Specifically, H.B. 215 amended R.C. 3743.17 by adding subsection (D)(2) which provided,
 Upon application by a licensed wholesaler of fireworks, a wholesaler license may be transferred from one geographic location to another within the same municipal corporation or within the unincorporated area of the same township * * *.
 {¶ 6} H.B. 215 did not substantively affect R.C. 3743.59. Consequently, R.C. 3743.59 still permitted the State Fire Marshal to grant a variance to transfer a firework license in the case of an unnecessary hardship. However, H.B. 215 also included an uncodified directive which stated,
 During the period beginning on the effective date of this section and ending on December 15, 1999, the State Fire Marshal shall not do * * *the following: * * *
 (B) Issue a license as a wholesaler of fireworks under sections 3743.15 and 3743.16 of the Revised Code to a person for a particular location unless that person possessed such a license for that location immediately prior to the effective date of this section.
 (C)(1) Except as provided in division (C)(2) of this section, approve the transfer of a license of a manufacturer or wholesaler of fireworks under Chapter 3743 of the Revised Code to any location other than a location for which a license was issued under that chapter immediately prior to the effective date of this section.
 (C)(2) Division (C)(1) of this section does not apply to a transfer that that the Fire Marshal approves pursuant to division (D)(2) of section 3743.17 of the Revised Code.
 {¶ 7} In this case, Springfield's request for a variance was denied by SFM. Consequently, Springfield filed a complaint against SFM asking the trial court, among other things, to prohibit SFM from relocating any other fireworks licenses if Springfield was not given the same opportunity, a declaratory judgment that Springfield has a right to relocate its license, that H.B. 215 is unconstitutional and a writ of mandamus ordering SFM to grant Springfield a license for its new location. The trial court found that the version of chapter R.C. 3743 as affected by H.B. 215 governed Springfield's case and as a result, Springfield was not entitled to transfer its license. Springfield now appeals asserting five assignments of error:
 The trial court erred in granting the appellee SFM summary judgment that H.B. No. 670 was unconstitutional as applied.
 The trial court erred in denying appellant Springfield summary judgment declaring H.B. No. 215 and H.B. No. 670 unconstitutional.
 The trial court erred in denying appellant Springfield leave to amend its complaint to include allegations concerning denial of requests to transfer made prior to 1997.
 The trial court erred in dismissing Springfield's administrative appeals from denial of pre-1997 requests to transfer licenses.
 The trial court erred in failing to declare that Springfield could transfer a license.
 Assignments of Error Two and Five {¶ 8} Springfield primarily asserts (1) that the version of Chapter 3743 effective prior to June 30, 1997 is the controlling law in this case entitling it to a variance to geographically transfer its license and (2) that if the subsequent version of Chapter 3743 as affected by H.B. 215 is determined to be controlling in this case then H.B. 215 is unconstitutional. However, it is our conclusion that Springfield's claim that it is entitled to a variance to transfer its firework license fails under both the version of Chapter 3743 as it existed prior to June 30, 1997 and the version of Chapter 3743 as affected by H.B. 215.
 {¶ 9} As stated above, prior to June 30, 1997, the SFM could grant a variance to the prohibition against transfers of firework licenses as long as the SFM determined that "literal enforcement of the requirement [would] result in unnecessary hardship and that the variance [would] not be contrary to public health, safety or welfare." R.C. 3743.59. While "unnecessary hardship" has not been defined in relation to R.C. 3743.59, this court has defined the phrase in a case involving the denial of a variance to a township zoning ordinance. See In re American OutdoorAdvertising, Inc. (Apr. 10, 2003), Union App. No 14-02-27[1].
 Unnecessary hardship results when there is no economically feasible permitted use of the property because of characteristics unique to the property. "Merely stating that the land would be more valuable with the variance, or less valuable without it, does not amount to a sufficient "hardship." [citation omitted] Rather, evidence must be presented to show that the property is unsuitable to any of the permitted uses as zoned. Additionally, a hardship is not considered "unnecessary" if the landowners imposed the hardship upon themselves.
Id.
 {¶ 10} It is clear from the language of R.C. 3743.59 that the SFM has discretion when granting a variance. Moreover, Springfield admitted in its letter requesting a variance that granting a variance "seems within the sound discretion of the Fire Marshal." Consequently, the SFM could deny Springfield's request absent an abuse of discretion. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} In this case, Springfield did not present any evidence to support a finding that Springfield was unable to sustain its firework business at the present location. Springfield's request stated that,
 The granting of such a variance will result in the termination of unnecessary hardship and will actually promote the public health, safety and welfare of the citizens of Ohio. * * * The present fireworks operation in Loudonville is located on a flood plain and is severely restricted to new buildings and utilities available upon it. The current location is not serviced with public sewer or water and has been denied by the Environmental Protection Agency for installation of a well or septic system. Further, because of the steep grade of its entry way, it is virtually inaccessible during the winter months in periods of snow and inclement weather.
 {¶ 12} However, it appears from Springfield's request that several of the problems complained of regarding the Loudonville location, i.e. lack of water and waste disposal and small building size, have been present since the business' inception and that the profits have been virtually the same for the last ten years. Finally, a review of the record indicates that Springfield was in compliance with the applicable safety codes at the present location but simply wanted to expand its business and build a larger building which would include additional safety precautions. While all of these reasons support Springfield's desire to move, they do not establish an "unnecessary hardship" under the definition cited above. Consequently, we cannot find that a denial of Springfield's request for a variance under the version of Chapter 3743 in effect prior to June 30, 1997, abuses any discretion.
 {¶ 13} As stated above, after H.B. 215 came into effect, SFM was not permitted to geographically transfer a firework license between June 30, 1997 and December 15, 1999 unless the transfer was made by the SFM pursuant to R.C. 3743.17(D)(2). As R.C. 3743.17(D)(2) only permits a geographic transfer within a county or municipal corporation and Springfield attempted to transfer a license to a different county, SFM was not permitted to grant a variance to Springfield to transfer its firework license under the version of Chapter 3743 as affected by H.B. 215.
 {¶ 14} While Springfield also argues that H.B. 215 is unconstitutional,"[i]t is axiomatic that courts should not determine the constitutionality of legislative enactments, `unless it is absolutely necessary to do so, and such necessity is absent where other issues are apparent in the record which will dispose of the case on its merits.'"Ahrns v. SBA Communications Corp. (Sept. 28, 2001), Auglaize App. No. 2-01-13. As we have determined that Springfield would not be entitled to a variance whether or not H.B. 215 was in effect, we decline to address the constitutionality of H.B. 215. Consequently, assignments of error two and five are overruled.
 Assignment of Error One {¶ 15} Springfield also argues that H.B. 670 effective December 2, 1996, was unconstitutionally applied to it by the SFM to deny Springfield's request for a transfer of its license. Section 29 of H.B. 670 stated,
 Until January 1, 1998, the State fire marshal shall not do * * * the following: * * *
 (B) Issue a license as a wholesaler of fireworks under sections R.C. 3743.15 and R.C. 3743.16 of the revised code to a person for a particular location unless that person possessed such a license to for that location immediately prior to January 1, 1997.
 {¶ 16} While Springfield argues that H.B. 670 is unconstitutional as was applied to him, it admits that H.B 670 only applies to the issuance of new licenses and Springfield has failed to point to any evidence in the record to support Springfield's contention that it was denied a transfer based on H.B. 670's moratorium on new licenses.[2]
Consequently, H.B. 670 is not applicable to this case and we will not address its constitutionality.
 {¶ 17} Based on the foregoing, the first assignment of error is overruled.
Assignment of Error Three
 {¶ 18} Springfield argues that it should have been free to amend its complaint to include allegations concerning denial of requests to transfers made prior to 1997.
 {¶ 19} An appellate court will not reverse a trial court's decision to deny leave to file an amended complaint absent an abuse of discretion. Wilmington Steel Prod., Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120. As noted above, an abuse of discretion implies that the court's attitude is "unreasonable, arbitrary or unconscionable." Blakemore, supra.
 {¶ 20} In its entry denying Springfield's motion to amend the complaint, the trial court noted,
 This matter has been pending since April 11, 2001. There have been discovery discussions and motions for summary judgment. The trial is scheduled for March 18, 2002. The court finds that the crux of this case is the denial of the plaintiff's transfer request in 1997 and concerning the application of Am. Sub. H.B. 670 and Am. Sub. H.B. 215.
 While the court hereby finds that plaintiff's evidence of the course of dealings between itself and defendant prior to January 1, 1997 may be relevant to what occurred in 1997, the court finds that the plaintiff has not demonstrated a prima facie showing that [sic] it can marshal support for the new matters [transfer decisions before Am. Sub. H.B. 670] sought to be pled.
 {¶ 21} In this case, Springfield filed its motion to amend onlyfour days before trial. Furthermore, Springfield did not make a showing in its application to amend which would support its alleged right to transfer its license prior to 1997 since that version of Chapter 3743 also required an unnecessary hardship to receive a variance to the prohibition against transfers. As noted above, Springfield did not produce any evidence to support its claim that it incurred an unnecessary hardship. Consequently, we cannot find that the trial court abused its discretion in denying Springfield's request to amend the pleadings and Springfield's third assignment of error is overruled.
Assignment of Error Four
 {¶ 22} Springfield attempts to appeal the trial court's dismissal of two cases, CV 2001 0288 and CV 2001 0289 which were consolidated with the present case by the common pleas court for trial. However, our Local Rule 6 provides that "a separate notice of appeal shall be filed in the trial court for each case appealed therefrom whether the case was consolidated in the trial court for hearing with one or more other cases." Springfield failed to file a notice of appeal for either of these cases. Consequently, this court has no jurisdiction entertain these appeals and Springfield's fourth assignment of error is dismissed.
 {¶ 23} Based on the foregoing, the judgment of the trial court is affirmed.
 Judgment affirmed. BRYANT, P.J., and WALTERS, J., concur.
[1] Similar to the State Fire Marshal's authority to grant a variance to fireworks regulations, a township board of zoning appeals many grant a variance to a zoning ordinance where "a literal enforcement of the resolution will result in an unnecessary hardship[.]" R.C. 519.14(B)
[2] While the State's denial of Springfield's request to transfer addressed the moratorium on issuing new licenses, it did so in response to Springfield's request to be placed on a waiting list for a new
license. However, that is not applicable in this case as Springfield only filed a complaint regarding the denial of a transfer of his license.